**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **TIMOTHY KYLES,** | |
| **Plaintiff,** | **Civil Action No. 1:15-cv-8895** |
| **v.** | **Hon. Judge Steven C. Seeger** |
| **FRED BEAUGARD, et al.,** | |
| **Defendants.** | |

## APPENDIX 1:  PROPOSED JURY INSTRUCTIONS

1

# **AGREED PROPOSED JURY INSTRUCTIONS**

2

**AGREED PROPOSED JURY INSTRUCTION NO. 1**
**Introduction**

Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

One of my duties is to decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

You should not take anything I may say or do during trial as indicating what I think of the evidence or what your verdict should be.

**Source: Pattern Civil Jury Instructions for the Seventh Circuit, Sample Preliminary Instructions (modified)**
Agreed _____X_____
Given _____
Rejected _____
Withdrawn _____
Objection _____

FIRM:57481898v1

**AGREED PROPOSED JURY INSTRUCTION NO. 2**
**Order of Trial**

The trial will proceed in the following manner:

First Plaintiff may make an opening statement. Next Defendants' attorney may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

After the opening statements, Plaintiff will call witnesses and present evidence. Then, Defendants will have an opportunity to call witnesses and present evidence. After the parties' main cases are completed, Plaintiff may be permitted to present rebuttal evidence and Defendants may be permitted to present sur-rebuttal evidence.

After the evidence has been presented, Plaintiff and Defendants' attorney will make closing arguments. I will then instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

**Source: Pattern Civil Jury Instructions for the Seventh Circuit, Sample Preliminary Instructions (modified)**
Agreed _____X_____
Given _____
Rejected _____
Withdrawn _____
Objection _____

FIRM:57481898v1

**AGREED PROPOSED JURY INSTRUCTION NO. 3**
**Jury Conduct**

All jurors must follow certain rules of conduct, and you must follow them, too.

First, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. You must not let others discuss the case with you. If anyone tries to talk to you about the case please let me know about it immediately;

Second, you must not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, you must not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me, you must give a signed note to the marshal to give to me; and;

Fifth, you must not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

**Source: Pattern Civil Jury Instructions for the Seventh Circuit, Sample Preliminary Instructions (modified)**
Agreed _____X_____
Given _____
Rejected _____
Withdrawn _____
Objection _____

FIRM:57481898v1

**AGREED PROPOSED JURY INSTRUCTION NO. 4**
**No Transcript Available To The Jury**

Pay close attention to the testimony as it is given. At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult.

**Source: Pattern Civil Jury Instructions for the Seventh Circuit, Sample Preliminary Instructions (modified)**
Agreed _____X_____
Given _____
Rejected _____
Withdrawn _____
Objection _____

6

**AGREED PROPOSED JURY INSTRUCTION NO. 5**
**Rulings On Objections**

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the attorneys. You should not infer or conclude from any ruling or other comment I may make that I have any opinions about how you should decide this case. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been, and you should not draw any inferences or conclusions from the question itself.

**Source: Pattern Civil Jury Instructions for the Seventh Circuit, Sample Preliminary Instructions (modified)**
Agreed _____X_____
Given _____
Rejected _____
Withdrawn _____
Objection _____

7

**AGREED PROPOSED JURY INSTRUCTION NO. 6**
**Bench Conferences**

At times during the trial it may be necessary for me to talk with the attorneys here at the bench out of your hearing, or by calling a recess. We meet because often during a trial something comes up that doesn't involve the jury.

We will, of course, do what we can to keep the number and length of these conferences to a minimum, but you should remember the importance of the matter you are here to determine, and should be patient even though the case may seem to go slowly.

**Source: Pattern Civil Jury Instructions for the Seventh Circuit, Sample Preliminary Instructions (modified)**

Agreed _____X_____
Given _____
Rejected _____
Withdrawn _____
Objection _____

FIRM:57481898v1

## AGREED PROPOSED JURY INSTRUCTION NO. 7
### Outside Communications

During your deliberations, you must not communicate with or provide information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

**Source: Benchbook for U.S. District Court Judges (6th Ed. March 2013, p. 99, part of instruction recommended for criminal cases) (modified)**

Agreed \_\_\_\_\_X\_\_\_\_
Given _____
Rejected _____
Withdrawn _____
Objection _____

FIRM:57481898v1

**AGREED PROPOSED JURY INSTRUCTION NO. 8**
**Functions Of The Court And Jury**

Members of the jury, you have seen and heard all the evidence and will hear the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice or fear to influence you.  You should not be influenced by any person's race, color, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

**Source: Seventh Circuit Civil Pattern 1.01 (modified)**
Agreed _____X_____
Given _____
Rejected _____
Withdrawn _____
Objection _____

10

**AGREED PROPOSED JURY INSTRUCTION NO. 9**
**No Inference From Judge's Questions**

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

**Source: Seventh Circuit Civil Pattern 1.02**
Agreed _____X_____
Given _____
Rejected _____
Withdrawn _____
Objection _____

11

FIRM:57481898v1

**Evidence**

The evidence consists of the testimony of the witnesses, the exhibits admitted into evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

**Source: Seventh Circuit Civil Pattern 1.04 (modified, some bracketed material omitted)**
Agreed _____X_____
Given _____
Rejected _____
Withdrawn _____
Objection _____

FIRM:57481898v1

**AGREED PROPOSED JURY INSTRUCTION NO. 11**
**Deposition Testimony**

During the trial, certain testimony was presented to you by the reading of depositions and video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

**Source: Seventh Circuit Civil Pattern 1.05**
Agreed _____X_____
Given _____
Rejected _____
Withdrawn _____
Objection _____

13

FIRM:57481898v1

**AGREED PROPOSED JURY INSTRUCTION NO. 12**
**What is Not Evidence**

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

**Source: Seventh Circuit Civil Pattern 1.06 (modified)**
Agreed _____X_____
Given _____
Rejected _____
Withdrawn _____
Objection _____

FIRM:57481898v1

**AGREED PROPOSED JURY INSTRUCTION NO. 13**
**Note-Taking**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

**Source: Seventh Circuit Civil Pattern 1.07**
Agreed _____X_____
Given _____
Rejected _____
Withdrawn _____
Objection _____

FIRM:57481898v1

**AGREED PROPOSED JURY INSTRUCTION NO. 14**
**Consideration Of All Evidence Regardless Of Who Produced**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

**Source: Seventh Circuit Civil Pattern 1.08**
Agreed _____X_____
Given _____
Rejected _____
Withdrawn _____
Objection _____

FIRM:57481898v1

**AGREED PROPOSED JURY INSTRUCTION NO. 15**
**Weighing the Evidence**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

**Source: Seventh Circuit Civil Pattern 1.11**
Agreed _____X_____
Given _____
Rejected _____
Withdrawn _____
Objection _____

FIRM:57481898v1

**AGREED PROPOSED JURY INSTRUCTION NO. 16**
**Definition Of "Direct" And "Circumstantial" Evidence**

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

**Source: Seventh Circuit Civil Pattern 1.12 (modified)**
Agreed _____X_____
Given _____
Rejected _____
Withdrawn _____
Objection _____

FIRM:57481898v1

**AGREED PROPOSED JURY INSTRUCTION NO. 17**
**Testimony Of Witnesses**
**(Deciding What To Believe)**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

**Source: Seventh Circuit Civil Pattern 1.13**
Agreed _____X_____
Given _____
Rejected _____
Withdrawn _____
Objection _____

19

FIRM:57481898v1

## AGREED PROPOSED JURY INSTRUCTION NO. 18
### Prior Inconsistent Statements Or Acts

You may consider statements given by a party or witness under oath before trial as evidence of the truth of the witness's earlier statements as well as in deciding what weight to give the witness's trial testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

**Source: Seventh Circuit Civil Pattern 1.14 (modified)**
Agreed _____X_____
Given _____
Rejected _____
Withdrawn _____
Objection _____

FIRM:57481898v1

**PROPOSED JURY INSTRUCTION NO. 19**
**Lawyer Interviewing Witness**
It is proper for a lawyer to meet with any witness in preparation for trial.

**Source: Seventh Circuit Civil Pattern 1.16**
Agreed _____X_____
Given _____
Rejected _____
Withdrawn _____
Objection _____

21

**AGREED PROPOSED JURY INSTRUCTION NO. 20**
**Number of Witnesses**

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of a larger number of witnesses.

**Source: Seventh Circuit Civil Pattern 1.17 (modified)**
Agreed _____X_____
Given _____
Rejected _____
Withdrawn _____
Objection _____

FIRM:57481898v1

## AGREED PROPOSED JURY INSTRUCTION NO. 21
## Absence Of Evidence

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**Source: Seventh Circuit Civil Pattern 1.18**
Agreed _____X_____
Given _____
Rejected _____
Withdrawn _____
Objection _____

FIRM:57481898v1

**AGREED PROPOSED JURY INSTRUCTION NO. 22**
**Expert Witnesses**

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

**Source: Seventh Circuit Civil Pattern 1.21**
Agreed _____X_____
Given _____
Rejected _____
Withdrawn _____
Objection _____

24

**AGREED PROPOSED JURY INSTRUCTION NO. 23**
**Multiple Claims; Multiple Defendants**

You must give separate consideration to each claim and each party in this case. Although there are six defendants, it does not follow that if one is liable, any of the others is also liable.

In considering a claim against a defendant, you must not consider evidence admitted only against other defendants or only as to other claims.

**Source: Seventh Circuit Civil Pattern 1.25**
Agreed _____X_____
Given _____
Rejected _____
Withdrawn _____
Objection _____

25

**AGREED PROPOSED JURY INSTRUCTION NO. 24**
**Dismissed Defendants and Withdrawal of Claims**

Anna McBee, Kathy Boggess, Maurice Lake, Kevin Laskey, Joshua Clements, and Nicholas Lamb are no longer defendants in this case. You should not consider any claims against them. Do not speculate on the reasons. You should decide this case as to the remaining parties.

**Source: Seventh Circuit Civil Pattern 1.26 (modified)**
Agreed _____X_____
Given _____
Rejected _____
Withdrawn _____
Objection _____

FIRM:57481898v1

**AGREED PROPOSED JURY INSTRUCTION NO. 25**
**Burden of Proof**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

**Source: Seventh Circuit Civil Pattern 1.27**
Agreed _____X_____
Given _____
Rejected _____
Withdrawn _____
Objection _____

27

**AGREED PROPOSED JURY INSTRUCTION NO. 26**
**No Need To Consider Damages Instruction**

If you decide for each and every Defendant on the question of liability, then you should not consider the question of damages.

**Source: Seventh Circuit Civil Pattern 1.31 (modified)**
Agreed _____X_____
Given _____
Rejected _____
Withdrawn _____
Objection _____

FIRM:57481898v1

# AGREED PROPOSED JURY INSTRUCTION NO. 27
## Selection Of Presiding Juror; General Verdict

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date, and sign the appropriate form, and all of you will sign it.

**Source: Seventh Circuit Civil Pattern 1.32 (modified)**
Agreed _____X_____
Given _____
Rejected _____
Withdrawn _____
Objection _____

FIRM:57481898v1

**AGREED PROPOSED JURY INSTRUCTION NO. 28**
**Communication With Court**

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

**Source: Seventh Circuit Civil Pattern 1.33**
Agreed _____X_____
Given _____
Rejected _____
Withdrawn _____
Objection _____

30

FIRM:57481898v1

**AGREED PROPOSED JURY INSTRUCTION NO. 29**
**Disagreement Among Jurors**

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**Source: Seventh Circuit Civil Pattern 1.34**
Agreed _____X_____
Given _____
Rejected _____
Withdrawn _____
Objection _____

FIRM:57481898v1

**AGREED PROPOSED JURY INSTRUCTION NO. 30**
**Cautionary Instruction Before Recess**

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

**Source: Seventh Circuit Civil Pattern 2.01**
Agreed _____X_____
Given _____
Rejected _____
Withdrawn _____
Objection _____

FIRM:57481898v1

**AGREED PROPOSED JURY INSTRUCTION NO. 31**
**Stipulations of Fact**

The parties have stipulated, or agreed, that:

1.  At all relevant times, Defendants were acting "under color of law."

2.  Stateville Correctional Center has a policy/procedure for double celling offenders placed in Segregation and Protective Custody. The parties dispute the particulars of this policy/procedure. However, it is undisputed that between 2012 and 2015 there were approximately thirty (30) instances under the aforementioned policy/procedure where inmates who were transferred from Protective Custody to the Segregation Unit on Temporary Confinement or Investigative Status were double-celled in the Segregation Unit with inmates that underwent the aforementioned policy/procedure and came from General Population.

You must now treat these facts as having been proved for the purpose of this case.

**Source: Seventh Circuit Civil Pattern 2.05 (modified)**
Agreed _____X_____
Given _____
Rejected _____
Withdrawn _____
Objection _____

FIRM:57481898v1

# AGREED PROPOSED JURY INSTRUCTION NO. 32
## Deposition As Substantive Evidence

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of [Witness], which was taken on [date], is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**Source: Seventh Circuit Civil Pattern 2.08**
Agreed _____X_____
Given _____
Rejected _____
Withdrawn _____
Objection _____

34

**AGREED PROPOSED JURY INSTRUCTION NO. 33**
**Judge's Comments To Lawyer**

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

**Source: Seventh Circuit Civil Pattern 2.14**
Agreed _____X_____
Given _____
Rejected _____
Withdrawn _____
Objection _____

FIRM:57481898v1

**AGREED PROPOSED JURY INSTRUCTION NO. 34**
**Intentional Infliction of Emotional Distress**

To succeed on his claim for intentional infliction of emotional distress, Plaintiff must prove each of the following three things by a preponderance of the evidence:

1. The conduct of the Defendant you are considering was extreme and outrageous.
2. The Defendant you are considering either intended this conduct to inflict severe emotional distress on Plaintiff or knew that there was a high probability that this conduct would do so; and
3. The conduct of the Defendant you are considering caused Plaintiff severe emotional distress.

If you find from your consideration of all of the evidence that Plaintiff has proved each of these things by a preponderance of the evidence as to the Defendant you are considering, then you should find in favor of Plaintiff on his intentional infliction of emotional distress claim against that Defendant, and go on to consider the question of damages.

If you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence as to the Defendant you are considering, then you should find for that Defendant, and you will not consider the question of damages on this claim as to that Defendant.

**Source: *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001).**
Agreed _____X_____
Given _____
Rejected _____
Withdrawn _____
Objection _____

36

**AGREED PROPOSED JURY INSTRUCTION NO. 35**
**Definition of "Sexual Act"**

The term "sexual act" means:

- Contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;

- Contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus; or

- The penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

**Source: Seventh Circuit Civil Pattern 7.27, Committee Comment D (modified)**
**Legal Authority: 18 U.S.C. § 2246(2) (modified)**
Agreed ____X____
Given _____
Rejected _____
Withdrawn _____
Objection _____

FIRM:57481898v1

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

38

FIRM:57481898v1

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1**
**Inference of Receipt**

The mere act of placing letters in the prison mail system supports an inference of receipt.

**Legal Authority:** *Horshaw v. Casper*, **910 F.3d 1027, 1029 (7th Cir. 2018) ( "[p]lacing the note in the prison mail system supports an inference of receipt");** *see also* **11/18/20 Order at 13 (ECF No. 367).**

Agreed _____

Given _____

Rejected _____

Withdrawn _____

Objection \_\_\_X\_\_\_\_

39

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION
RE INFERENCE OF RECEIPT**

Defendants object to Plaintiff's Proposed Jury Instruction No. as it needlessly includes disputed facts related to the instant case – "you may infer that an individual received an emergency grievance or letter that was placed into the prison mail system." As a result, this instruction impermissibly assumes as true Plaintiff's version of the facts and usurps the jury's role. Such an inference can be argued by Plaintiff at trial and the basis for this inference is already covered by AGREED PROPOSED JURY INSTRUCTION NO. 15.

FIRM:57481898v1

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION RE INFERENCE OF RECEIPT**

This instruction is supported by case law that states the exact inference at issue in this jury instruction, and the exact language is a direct quote from the Court's Order on Defendants' Motion for Summary Judgement (Dkt. 367 at p. 13). Accordingly, the instruction will not usurp the jury's role, but rather, provides guidance to the jury in its role as fact finder consistent with relevant case law and precedent.

FIRM:57481898v1

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2**
**Summaries**
**[This instruction is to be finalized and resubmitted with the Court no later than two weeks prior to trial date.]**

*Stipulated*

The parties agree that [describe summary in evidence] accurately summarizes the contents of documents, records, or books. You should consider these summaries just like all of the other evidence in the case.

*Not Stipulated*

Certain [describe summary in evidence] is/are in evidence. [The original materials used to prepare those summaries also are in evidence.] It is up to you to decide if the summaries are accurate.

**Source: Seventh Circuit Civil Pattern 1.23**
Agreed _____
Given _____
Rejected _____
Withdrawn _____
Objection ___X____

42

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION RE SUMMARIES**

Defendants object to Plaintiff's Proposed Jury Instruction No. 2 as unnecessary and/or premature. The court has yet to rule on Defendants' objections to Plaintiff's summary exhibits. If during the course of the trial summary exhibits are admitted, Defendants will consider withdrawing their objection.

FIRM:57481898v1

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION RE SUMMARIES**

In Part 6 to the Proposed Pretrial Order, the parties agree on a process for identifying and objecting to summary and demonstrative exhibits closer to the trial date, given the current uncertainties caused by the COVID-19 pandemic. In the event that the Court ultimately admits summary evidence, Plaintiff proposes that the proposed pattern instruction on summary exhibits included herein be read to the jury.

FIRM:57481898v1

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3**
**Demonstrative Exhibits**
**[This instruction is to be finalized and resubmitted with the Court no later than two weeks prior to trial date.]**

Certain [describe demonstrative exhibit, e.g., models, diagrams, devices, sketches] have been shown to you. Those [short description] are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

**Source: Seventh Circuit Civil Pattern 1.24**
Agreed _____
Given _____
Rejected _____
Withdrawn _____
Objection ___X____

45

FIRM:57481898v1

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION RE DEMONSTRATIVE EXHIBITS**

Defendants object to Plaintiff's Proposed Jury Instruction No. 3 as unnecessary and/or premature. The court has yet to rule on Defendants' objections to Plaintiff's demonstrative exhibits. If during the course of the trial demonstrative exhibits are admitted, Defendants will consider withdrawing their objections.

FIRM:57481898v1

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION RE DEMONSTRATIVE EXHIBITS**

In Part 6 to the Proposed Pretrial Order, the parties agree on a process for identifying and objecting to summary and demonstrative exhibits closer to the trial date, given the current uncertainties caused by the COVID-19 pandemic. In the event that the Court ultimately admits demonstrative exhibits, Plaintiff proposes that the proposed pattern instruction on demonstrative exhibits included herein be read to the jury.

FIRM:57481898v1

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4**
**Summaries Of Records As Evidence**

**[This instruction is to be finalized and resubmitted with the Court no later than two weeks prior to trial date, per agreement among the parties.]**

*Stipulated*

The parties agree that [Describe summary in evidence] accurately summarize the contents of documents, records, or books. You should consider these summaries just like all of the other evidence in the case.

*Not Stipulated*

Certain [describe summary in evidence] is/are in evidence. [The original materials used to prepare those summaries also are in evidence.] It is up to you to decide if the summaries are accurate.

**Source: Seventh Circuit Civil Pattern 2.12**
Agreed _____
Given _____
Rejected _____
Withdrawn _____
Objection ___X_____

48

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION
RE SUMMARIES OF RECORDS AS EVIDENCE**

Defendants object to Plaintiff's Proposed Jury Instruction No. 4 as unnecessary and/or premature. The court has yet to rule on Defendant's objections to Plaintiff's summaries. If during the course of the trial summary evidence is admitted, Defendants will consider withdrawing their objections.

FIRM:57481898v1

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION RE SUMMARIES OF RECORDS AS EVIDENCE**

In Part 6 to the Proposed Pretrial Order, the parties agree on a process for identifying and objecting to summary and demonstrative exhibits closer to the trial date, given the current uncertainties caused by the COVID-19 pandemic. In the event that the Court ultimately admits summary evidence, Plaintiff proposes that the proposed pattern instruction on summary exhibits included herein be read to the jury.

FIRM:57481898v1

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5**
**Prisoner/Detainee First Amendment Retaliation Claim**

An inmate's right to make complaints against correctional officers is protected by the Constitution.

In this case, Plaintiff claims that Defendants Beaugard and Turner issued him a disciplinary ticket and/or sent him to segregation in retaliation for making a complaint about Correctional Officer Derek Jaburek. Plaintiff also claims that Defendant Durrett failed to take any action to remove Plaintiff from the cell with inmate Jorge Pena in retaliation for Plaintiff making a complaint about Correctional Officer Jaburek.

To succeed on these claims, Plaintiff must prove each of the following four things by a preponderance of the evidence.

1. Plaintiff made a complaint about Correctional Officer Jaburek on October 24, 2014.

2. Defendants Beaugard and Turner issued Plaintiff a disciplinary ticket and/or sent him to segregation; and Defendant Durrett failed to take any action to remove Plaintiff from the cell with Jorge Pena.

3. Plaintiff's complaint about Correctional Officer Jaburek was a reason Defendants took the aforementioned actions. It need not have been the only reason.

4. Defendants' conduct of issuing a disciplinary ticket, sending Plaintiff to segregation, and failing to take any action to remove Plaintiff from the cell with Jorge Pena would be likely to deter an average person in Plaintiff's circumstances from making complaints about correctional officers.

If you find that Plaintiff did not prove each of these things by a preponderance of the evidence as to any Defendant, then you must decide for Defendants.

If you find that Plaintiff did prove each of these things by a preponderance of the evidence as to any Defendant, then you must consider whether that Defendant has proved by a preponderance of the evidence that there were other legitimate reasons that led them to take the aforementioned actions, even if Plaintiff had not made a complaint about Correctional Officer Jaburek. If you find that the Defendant proved this by a preponderance of the evidence, then you must decide for that Defendant. If you find that the Defendant did not prove this by a preponderance of the evidence, then you must decide for Plaintiff, and consider the issue of damages.

**Source: Seventh Circuit Civil Pattern 6.03 (modified)**
Agreed _____
Given _____
Rejected _____
Withdrawn _____
Objection ___X_____

51

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION
RE PRISONER/DETAINEE FIRST AMENDMENT RETALIATION CLAIM**

Defendants object to Plaintiff's proposed jury instruction regarding retaliation as it commingles several allegations against individual Defendants (Defendants Beaugard and Turner issued Plaintiff a disciplinary ticket *and/or* sent him to segregation), which will create jury confusion. Defendants' proposed jury instruction on retaliation is more concise and thus, more appropriate.

FIRM:57481898v1

**DEFENDANTS' PROPOSED ALTERNATIVE TO PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5**
**Prisoner/Detainee First Amendment Retaliation Claim**

An inmate's right to make complaints against correctional officers is protected by the Constitution.

In this case, Plaintiff claims that Defendant Beaugard issued him a disciplinary ticket in retaliation for making a complaint against Correctional Officer Jaburek.

Plaintiff claims that Defendant Turner sent him to the Segregation Unit in retaliation for making a complaint against Correctional Officer Jaburek.

Plaintiff claims that Defendant Durrett failed to take any action to remove Plaintiff from the cell with Jorge Pena in retaliation for making a complaint against Correctional Officer Jaburek.

To succeed on these claims, Plaintiff must prove each of the following four things by a preponderance of the evidence.

1. Plaintiff made a complaint against Correctional Officer Jaburek on October 24, 2014.

2. Defendant Beaugard issued Plaintiff a disciplinary ticket; Defendant Turner sent Plaintiff to the Segregation Unit; and Defendant Durrett failed to take any action to remove Plaintiff from the cell with Jorge Pena.

3. Plaintiff's complaint against Correctional Officer Jaburek was a reason that Defendant Beaugard issued Plaintiff a disciplinary ticket; Defendant Turner sent Plaintiff to the Segregation Unit; and Defendant Durrett failed to take any action to remove Plaintiff from the cell with Jorge Pena.

4. Defendants' conduct of issuing a disciplinary ticket, sending Plaintiff to the Segregation Unit, and failing to take any action to remove Plaintiff from the cell with Jorge Pena would be likely to deter an average person in Plaintiff's circumstances from making complaints against correctional officers.

If you find that Plaintiff did not prove each of these things by a preponderance of the evidence, then you must decide for Defendants.

If you find that Plaintiff did prove each of these things by a preponderance of the evidence, then you must consider whether Defendants have proved by a preponderance of the evidence that there were other reasons that would have led them to issue a disciplinary ticket, send Plaintiff to the Segregation Unit, and fail to take any action to remove Plaintiff from the cell with Jorge Pena, even if Plaintiff had not made a complaint against Correctional Officer Jaburek. If you find that Defendants proved this by a preponderance of the evidence, then you must decide for Defendants. If you find that Defendants did not prove this by a preponderance of the evidence, then you must decide for Plaintiff, and consider the issue of damages.

53

**Source: Seventh Circuit Civil Pattern 6.03 (modified)**

Agreed _____
Given _____
Rejected _____
Withdrawn _____
Objection ___X____

FIRM:57481898v1

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5 RE PRISONER/DETAINEE FIRST AMENDMENT RETALIATION CLAIM**

Defendants' proposed alternative version of the Retaliation instruction oversimplifies the anticipated facts and risks boxing Plaintiff in with respect to what he must prove for this claim. Plaintiff expects that the evidence will show that both Defendants Beaguard and Turner were involved with writing the ticket against Plaintiff and sending him to segregation. Therefore, the facts should not be segregated in the way done by Defendants' proposed instruction. Conversely, Plaintiffs' proposed instruction on Retaliation more appropriately describes the facts and provides appropriate flexibility for evidence on this claim at trial.

FIRM:57481898v1

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 6**
**Eighth And Fourteenth Amendments: Failure To Protect - Elements**

To succeed on his claim regarding failure to protect him from harm by another prisoner, Plaintiff must prove each of the following four things by a preponderance of the evidence, for a given Defendant:

1. That there was a strong likelihood that Plaintiff would be seriously harmed as the result of an assault by another inmate when he was in the Segregation Unit at Stateville Correctional Center between October 24, 2014 and November 10, 2014.

2. The Defendant was aware of this strong likelihood that Plaintiff would be seriously harmed as the result of an assault by another prisoner. You may infer this from the fact that the risk was obvious.

3. The Defendant consciously failed to take reasonable measures to prevent the assault. In deciding this, you may consider how serious the potential harm to Plaintiff was, how difficult it would have been for Defendant to take corrective action, and whether Defendant had legitimate reasons related to safety or security for failing to take corrective action.

4. Plaintiff would not have been harmed or would have suffered less harm if Defendant had taken reasonable measures.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence as to any Defendant, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence for any Defendant, then you must decide for Defendants, and you will not consider the question of damages.

**Source: Seventh Circuit Civil Pattern 7.16 (modified)**
**Legal Authority:** ***Substantial Risk of Serious Harm: Woods v. Fermaint*, No. 10 C 3853, 2012 WL 3581177, at \*2 (N.D. Ill. Aug. 17, 2012) ("the exposure of a detainee to a sufficiently substantial risk of serious damage to his future health, such as a beating at the hands of a fellow detainee, constitutes serious harm"); *Shultz v. Dart*, No. 13 C 3641, 2016 WL 212930, at \*6 (N.D. Ill. Jan. 19, 2016) (assault "indisputably constitutes a sufficiently serious injury").** *Actual Knowledge: Brown v. Budz*, **398 F.3d 904, 913, 915 (7th Cir. 2005) (an official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety," and "deliberate indifference can be predicated upon knowledge of a victim's particular vulnerability (though the identity of the ultimate assailant not known in advance of attack)" (citations omitted));** *Horshaw v. Casper*, **910 F.3d 1027, 1029 (7th Cir. 2018) ("[p]risoners do not need 'advance knowledge of every detail of a future assault' to show that they faced a serious risk" (citations omitted)).** *Consciously Failed to Take Reasonable Measures: Farmer v. Brennan*, **511 U.S. 825, 842 (1994) (plaintiff must show "that the official**

56

**acted or failed to act despite his knowledge of a substantial risk of serious harm").** *Harm: Roe v. Elyea*, **631 F.3d 843, 863-64 (7th Cir. 2011) (setting forth the general rule is that the plaintiff must prove that he was harmed by the defendant's conduct in order to prove liability);** *Cotts v. Osafo*, **692 F.3d 564, 569 (7th Cir. 2012) (noting that there is a difference between proving harm and proving damages, and the latter is not required to establish liability).**

Agreed _____
Given _____
Rejected _____
Withdrawn _____
Objection \_\_\_X\_\_\_\_

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION RE EIGHTH AND FOURTEENTH AMENDMENTS: FAILURE TO PROTECT - ELEMENTS**

Actual knowledge of a specific threat is required for liability under the Eighth Amendment. *See Grieveson v. Anderson*, 538 F.3d 763, 776-77 (7th Cir. 2008). Plaintiff's Proposed Jury Instruction 32 recitation of the elements necessary for this claim is too vague and simplistic. Defendants' Proposed Alternative Jury Instruction includes the necessary specificity and is more appropriate.

FIRM:57481898v1

**DEFENDANTS' PROPOSED ALTERNATIVE TO PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 6**
**Eighth And Fourteenth Amendments: Failure To Protect - Elements**

To succeed on his claim regarding failure to protect him from harm by another prisoner, Plaintiff must prove each of the following four things by a preponderance of the evidence:

1. That there was a strong likelihood that Plaintiff would be seriously harmed as the result of an assault by Jorge Pena when he was sent to the Segregation Unit on October 24, 2014. A mere possibility of harm is not a strong likelihood.

2. Defendants were aware of this strong likelihood that Plaintiff would be seriously harmed as the result of an assault by Jorge Pena.

3. Defendants consciously failed to take reasonable measures to prevent the assault. In deciding this, you may consider how serious the potential harm to Plaintiff was, how difficult it would have been for Defendants to take corrective action, and whether Defendants had legitimate reasons related to safety or security for failing to take corrective action.

4. Plaintiff would not have been harmed if Defendants had taken reasonable measures.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages. If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendants, and you will not consider the question of damages.

**Source: Seventh Circuit Civil Pattern 7.27 (modified)**
Agreed _____
Given _____
Rejected _____
Withdrawn _____
Objection \_\_\_X\_\_\_\_

59

FIRM:57481898v1

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 6 RE EIGHTH AND FOURTEENTH AMENDMENTS: FAILURE TO PROTECT - ELEMENTS**

Defendants' proposed alternative instruction does not correctly state the law with respect to whether a risk as to the specific assailant must be known, as opposed to a risk to the plaintiff more generally. *See, e.g.*, *Weiss v. Cooley*, 230 F.3d 1027 (7th Cir. 2000) (finding issue of material fact as to whether placement officer knew of a risk, even though plaintiff had not identified his exact attacker, where facts existed from which a trier of fact could infer knowledge); *Woods v. Fermaint*, 2012 WL 3581177 (N.D. Ill. Aug. 17, 2012) (finding issue of material fact where plaintiff told defendant he was concerned about the threat the Gangster Disciples posed); *Sinn v. Lammon*, 911 F.3d 412, 421 (7th Cir. 2018) ("'[I]t is well-settled' that plaintiffs can adequately establish deliberate indifference in circumstances where 'the specific identity of the ultimate assailant is not known in advance of assault.'").

Defendants' proposed alternative instruction also does not provide—as the pattern instruction sets forth as possible—that the jury can infer a risk where it is obvious. Thus, Defendants' version ignores U.S. Supreme Court precedent in *Farmer v. Brennan*, 511 U.S. 825, 842 (1994): "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious."

Finally, in addition to correcting the flaws noted above, Plaintiff's version of this instruction includes clarification language that makes the instruction easier to apply in a case such as this with multiple Defendants.

60

FIRM:57481898v1

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 7**
**Extreme and Outrageous Conduct**

Conduct is extreme and outrageous if it is so outrageous in character and so extreme in degree as to go beyond the bounds of human decency and is considered intolerable in a civilized community. Plaintiff need not show contemporaneous physical impact or injury. However, mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities do not amount to extreme and outrageous conduct sufficient to establish a claim for intentional infliction of emotional distress.

When considering whether any Defendant's conduct was extreme and outrageous, you may consider the Defendant's degree of power or authority over the Plaintiff; whether the Defendant's alleged conduct involved either a veiled or explicit threat to exercise such power or authority over the Plaintiff to the detriment of Plaintiff; whether the Defendant reasonably believed that his objective was legitimate (greater latitude is given to a defendant pursuing a reasonable objective even if that pursuit results in some amount of distress for a plaintiff); and whether the Plaintiff is particularly susceptible to emotional distress because of some physical or mental condition or peculiarity (behavior that otherwise might be considered merely rude, abrasive or inconsiderate may be deemed outrageous if the defendant knows that the plaintiff is particularly susceptible to emotional turmoil).

**Legal Authority:** *Honaker v. Smith*, **256 F.3d 477, 490-91 (7th Cir. 2001).**
Agreed _____
Given _____
Rejected _____
Withdrawn _____
Objection ___X____

61

FIRM:57481898v1

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION
RE EXTREME AND OUTRAGEOUS CONDUCT**

Plaintiff's inclusion of "whether the Defendant's alleged conduct involved either a veiled or explicit threat to exercise such power or authority over the Plaintiff to the detriment of Plaintiff" is misleading and incorrectly summarizes the factors to consider as described in *Honaker v. Smith*, 256 F.3d 477, 490-91 (7th Cir. 2001). The aforementioned phrase was included as a sub-factor to a defendant's degree of power or authority over a plaintiff. Inclusion of this sub-factor would necessitate inclusion of all sub-factors as described in *Honaker*, which would only lead to jury confusion. Defendants' Proposed Alternative Jury Instruction is more appropriate.

FIRM:57481898v1

**DEFENDANTS' PROPOSED ALTERNATIVE TO PLAINTIFF'S JURY INSTRUCTION
NO. 7
Extreme and Outrageous Conduct**

Conduct is extreme and outrageous if it is so outrageous in character and so extreme in degree as to go beyond the bounds of human decency and is considered intolerable in a civilized community. Plaintiff need not show contemporaneous physical impact or injury. However, mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities do not amount to extreme and outrageous conduct sufficient to establish a claim for intentional infliction of emotional distress.

When considering whether any Defendant's conduct was extreme and outrageous, you may consider the Defendant's degree of power or authority over the Plaintiff; whether the Defendant reasonably believed that his objective was legitimate (greater latitude is given to a defendant pursuing a reasonable objective even if that pursuit results in some amount of distress for a plaintiff); and whether the Plaintiff is particularly susceptible to emotional distress because of some physical or mental condition or peculiarity (behavior that otherwise might be considered merely rude, abrasive or inconsiderate may be deemed outrageous if the defendant knows that the plaintiff is particularly susceptible to emotional turmoil).

**Legal Authority:** *Honaker v. Smith*, **256 F.3d 477 (7th Cir. 2000)**
Agreed _____
Given _____
Rejected _____
Withdrawn _____
Objection \_\_\_X\_\_\_\_

63

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION RE EXTREME AND OUTRAGEOUS CONDUCT**

Defendants' argue that including the phrase "whether Defendants' alleged conduct involved either a veiled or explicit threat to exercise such power or authority over the Plaintiff to the detriment of Plaintiff" is misleading and incorrectly "summarizes" the factors to [be] considered as described in *Honaker v. Smith*, 256 F.3d 477, 490-91 (7th Cir. 2001). Yet, it is Defendants who mislead and misstate the *Honaker* opinion. The aforementioned phrase is not a "sub-factor" of the factors set forth in *Honaker*, but rather the second clause of the first factor articulated by the Court and incorporated in Defendants' proposed instruction. The *Honaker* court stated: "First, 'the degree of power or authority which a defendant has over a plaintiff can impact…whether that defendant's conduct is outrageous,' and the 'more control which ha defendant has over the plaintiff, the more likely that defendant's conduct will be deemed outrageous, particularly when the alleged conduct involves either a veiled or explicit threat to exercise such authority or power to plaintiff's detriment.'" 256 F.3d at 490-491 (citing *McGrath v. Fahey*, 533 N.E.2d 806, 809-10 (1988)). The Court continues by explaining, "[i]n examining this factor," courts consider other sub-factors. *Id.* (emphasis added). This implies that, contrary to Defendants' misstated interpretation, the *Honaker* Court considered the phrase in question to be part of its first articulated factor – not a sub-factor. Defendants have not explained why the Court should inexplicably exclude half of the first *Honaker* factor, nor can they. Accordingly, the Court should adopt Plaintiff's originally proposed jury instruction, as drafted.

64

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 8**
**Liability Of Illinois Department Of Corrections on Unconstitutional Policy Claim**

In order for Defendant Rob Jeffreys, in his official capacity as the Director of the Illinois Department of Corrections acting on behalf of the Illinois Department of Corrections, to be liable on Plaintiff's unconstitutional widespread practice claim, Plaintiff must prove each of the following three things by a preponderance of the evidence:

1. Plaintiff was approved Protective Custody status and had not been convicted of violating any institutional rule, but was sent to the Segregation Unit at Stateville Correctional Center on temporary confinement or investigative status and double-celled with inmate Jorge Pena, who was not from Protective Custody (but rather, came from the General Population) from October 24, 2014 to November 10, 2014.

2. At the time, the Illinois Department of Corrections had a policy of sending inmates that had approved Protective Custody status and had not been convicted of violating any institutional rule to the Segregation Unit at Stateville Correctional Center on temporary confinement or investigative status, and double-celling such inmages with inmates who came from the General Population (not Protective Custody). The term policy means any one of the following:

- A rule or regulation imposed by the Illinois Department of Corrections; or

- A custom of sending inmates that had approved Protective Custody status and had not been convicted of violating any institutional rule to the Segregation Unit at Stateville Correctional Center on temporary confinement or investigative status, and double-celling such inmates with inmates from the General Population, that is persistent and widespread, so that it is the Illinois Department of Corrections' standard operating procedure at Stateville Correctional Center. A persistent and widespread pattern may be a custom even if the Illinois Department of Corrections has not formally approved it, so long as Plaintiff proves by a preponderance of the evidence that a policy-making official knew of the pattern, or must have known about it by virtue of his/her position, and allowed it to continue.

3. The policy as described in paragraph 2 caused the failure to adequately protect Plaintiff in violation of the Eighth Amendment.


**Source: Seventh Circuit Civil Pattern 7.24 (modified)**
**Legal Authority: *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) (a local governing body may be liable under § 1983 if the unconstitutional act was caused by "(1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority"); *Williams v. Wisconsin*, 336 F.3d 576, 581 (7th Cir. 2003) ("Official-capacity suits against state officials seeking prospective relief are permitted by § 1983").**

FIRM:57481898v1

Agreed _____
Given _____
Rejected _____
Withdrawn _____
Objection ____X____

FIRM:57481898v1

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 8 RE LIABILITY OF ILLINOIS DEPARTMENT OF CORRECTIONS ON UNCONSTITUTIONAL POLICY CLAIM**

Defendants object to Plaintiff's Proposed Jury Instruction No. 8 as the official capacity claim against Defendant Jeffreys (formerly Baldwin) only seeks prospective injunctive relief and thus, should be decided by the Court. Defendants additionally object as the authority cited by Plaintiff is inappropriate and distinguishable from the instant case because it concerned a case in which a municipality was held liable for damages under *Monell* theory. It is well-established that *Monell* applies only to municipalities, not states*. See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) ("States are protected by the Eleventh Amendment while municipalities are not ... and we consequently limited our holding in *Monell* to local government units which are not considered part of the State for Eleventh Amendment purposes."); *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748–49 (7th Cir. 2005) ("The Court has been clear, however, that *Monell's* holding applies only to municipalities and not states or states' departments."). Objecting further, Defendants have moved this Court to bifurcate the policy claims against Defendant Jeffreys from the claims against the other Defendants who are sued in their individual capacities.

67

FIRM:57481898v1

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 8 RE LIABILITY OF ILLINOIS DEPARTMENT OF CORRECTIONS ON UNCONSTITUTIONAL POLICY CLAIM**

Assuming there are issues of fact relevant to Plaintiff's policy claim, Plaintiff is entitled to have those issues decided by the jury and, thus, a jury instruction on this claim is appropriate. Plaintiff is opposing Defendants' motion to bifurcate, including on these grounds. Further, the facts, witnesses, and exhibits relevant to Plaintiff's policy claim overlap significantly with the facts, witnesses, and exhibits relevant to Plaintiff's other claims that also will be heard by the jury—thus further supporting that the jury should be the factfinder for this claim. Finally, it has already been determined in this case that Plaintiff's policy claim may proceed. *See* 9/18/17 Mem. Op. and Order at 4–5 (ECF No. 216).

FIRM:57481898v1

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9
## Compensatory Damages In Prisoner Cases

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he has sustained as a direct result of (1) Defendants' retaliation against Plaintiff in violation of the First Amendment, (2) Defendants' failure to protect Plaintiff in violation of the Eighth Amendment, and/or (3) Defendants' intentional infliction of emotional distress as to Plaintiff.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In this case the parties dispute whether Plaintiff suffered a physical injury and/or was subjected to a sexual act. If you find that Plaintiff has proven by a preponderance of the evidence that he suffered a physical injury and/or was subjected to a sexual act, you may award damages for any mental or emotional injury Plaintiff suffered as well. If you find that Plaintiff did not suffer a physical injury and/or was subjected to a sexual act, you may not award damages for mental or emotional injury, but you may award damages for any other type of injury listed below. Whether or not Plaintiff proves a physical injury and/or a sexual act, you may award nominal damages and punitive damages, so long as you find that Plaintiff has met the standard for obtaining those damages.

You should consider the following type of compensatory damages, and no others:

- The physical, mental, and emotional pain and suffering and loss of a normal life that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical or mental and emotional pain and suffering or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

**Source: Seventh Circuit Civil Pattern 7.27 (modified)**
**Legal Authority: *Calhoun v. DeTella*, 319 F.3d 936, 940-41 (7th Cir. 2003) (even if the plaintiff does not prove a physical injury, he may still recover nominal damages, punitive damages or any kind of compensatory damages other than those for mental or emotional injury); *see also Smith v. Peters*, 631 F.3d 418, 421 (7th Cir. 2011).**

Agreed _____
Given _____
Rejected _____
Withdrawn _____
Objection _____X_____

FIRM:57481898v1

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9 RE COMPENSATORY DAMAGES IN PRISONER CASES**

Defendants object to Plaintiff's Jury Instruction No. 9 as it includes reference to punitive damages which have not yet been proven and is needlessly confusing regarding Plaintiff's ability to obtain damages for mental or emotional pain. Compare, "If you find that Plaintiff did not suffer a physical injury and/or a sexual act, you may not award damages for mental or emotional injury, but you may award damages for any other type of injury listed below" and "You should consider the following type of compensatory damages, and no others: The *physical, mental, and emotional* pain and suffering and loss of a normal life that Plaintiff has experienced and is reasonably certain to experience in the future." Defendants have included a more appropriate version of Seventh Circuit Civil Pattern Instruction 7.27 in their own proposed jury instruction, which follows:

FIRM:57481898v1

**DEFENDANTS' PROPOSED ALTERNATIVE INSTRUCTION TO PLAINTIFF'S JURY INSTRUCTION NO. 9**
**Compensatory Damages In Prisoner Cases**

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained as a direct result of Defendant's unconstitutional conduct.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation.

In this case the parties dispute whether Plaintiff suffered a physical injury or was subjected to a sexual act. If you find that Plaintiff has proven by a preponderance of the evidence that he suffered a physical injury or was subjected to a sexual act, you may award damages for any mental or emotional injury Plaintiff suffered as well. If you find that Plaintiff did not suffer a physical injury or was not subjected to a sexual act, you may not award damages for mental or emotional injury. Whether or not Plaintiff proves a physical injury, you may award nominal damages of $1.00, so long as you find that Plaintiff has met the standard for obtaining those damages.

**Source: Seventh Circuit Civil Pattern 7.27 (modified)**
Agreed _____
Given _____
Rejected _____
Withdrawn _____
Objection ___X____

71

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9 RE COMPENSATORY DAMAGES IN PRISONER CASES AND TO DEFENDANTS' ALTERNATIVE PROPOSED INSTRUCTION**

Defendants' justification for their version of this instruction makes no sense and their purported comparison is not apples to apples. Plaintiff's version more closely aligns with the pattern instruction, particularly with respect to the bullet point—which helps define compensatory damages for the jury and which Defendants' version does not even include. Defendants' version also risks confusing the jury as to the circumstances and amount of damages that it might award. Defendants' version also is more one-sided, as it adopts the pattern instruction reference to nominal damages but not punitive damages. Plaintiff's version includes references to both those types of damages and in that respect is closer to the pattern instruction. Further note that Plaintiff has consistently alleged that he suffered punitive damages and such damages are recoverable in cases under § 1983. It would be inappropriate not to reference punitive damages in this instruction.

72

FIRM:57481898v1

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 10**
**Damages: Punitive**

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendants. The purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to Defendants and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendants. You may assess punitive damages if you find that his or her conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, Defendants simply did not care about Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendants' conduct;

- the impact of Defendants' conduct on Plaintiff;

- the relationship between Plaintiff and Defendants;

- the likelihood that Defendants would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

**Source: Seventh Circuit Civil Pattern 7.28 (modified)**
**Legal Authority: *Smith v. Wade*, 461 U.S. 30, 56 (1983) (Punitive damages are recoverable under § 1983 if Plaintiff makes a showing of "evil motive or intent, or . . . reckless or callous indifference to the federally protected rights of others."). *See also Woodward v. Corr. Med. Servs. of Illinois, Inc.*, 368 F.3d 917, 930 (7th Cir. 2004) ("Punitive damages are recoverable in § 1983 actions where the defendant had a reckless or callous disregard to the federally protected rights of others."); *Calhoun v. DeTella*, 319 F.3d 936, 942 (7th Cir. 2003) (same); *Kemezy v. Peters*, 79 F.3d 33, 34 (7th Cir. 1996) (punitive damages are "to punish the defendant for reprehensible conduct and to deter him and others from engaging in similar conduct"); *Spanish Action Comm. of Chicago v. City of Chicago*, 766 F.2d 315, 318 n.2 (7th Cir. 1985) (the court noted without deciding the propriety of the instruction that read: "The jury instruction on punitive [damages] read: To recover punitive damages against an**

**individual defendant, plaintiff must prove by a preponderance of the evidence . . . that the actions of that defendant were done knowingly and maliciously to deprive plaintiff of its constitutional rights.”);** *McKinley v. Trattles*, **732 F.2d 1320, 1326 (7th Cir. 1984) (without analysis finding jury instruction on punitive damages in a § 1983 case that included a “preponderance of the evidence” standard was “accurate and complete.”).**

Agreed _____

Given _____

Rejected _____

Withdrawn _____

Objection _____X____

FIRM:57481898v1

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION
NO. 10 RE DAMAGES: PUNITIVE**

Defendants object to any punitive damages instruction as there has not been a finding that Defendant's conduct was motivated by evil intent or involved reckless or callous indifference to Plaintiff's constitutional rights. *See Coulter v. Vitale*, 882 F.2d 1286, 1289 (7th Cir. 1989). Therefore, punitive damages are not appropriate.

FIRM:57481898v1

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 10 RE DAMAGES: PUNITIVE**

Defendants' objection to this instruction is premature. Plaintiff intends to offer evidence in support of his claim for punitive damages, which he has consistently raised in his complaints. Further, the case law Plaintiff cites in support of the punitive damages instruction confirms that punitive damages are recoverable in cases filed pursuant to § 1983.

FIRM:57481898v1

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 11**
**Liability Of Defendant Rob Jeffreys (in his Official Capacity as the Director of the Illinois Department of Corrections) Assessed**
**Without Respect To Individual Responsibility**

You may find that Rob Jeffreys (in his official capacity on behalf of the Illinois Department of Corrections as its Director) is liable as a result of the widespread policy or practice of the Illinois Department of Corrections at Stateville Correctional Center without finding that any Individual Defendant is liable to Plaintiff on any of Plaintiff's other claims.

**Legal Authority:** ***Thomas v. Cook Cnty. Sheriff's Dep't***, **604 F.3d 293 (7th Cir. 2010).**

Agreed _____

Given _____

Rejected _____

Withdrawn _____

Objection __X_____

77

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 11 RE LIABILITY OF DEFENDANT ROB JEFFREYS (IN HIS OFFICIAL CAPACITY AS THE DIRECTOR OF THE ILLINOIS DEPARTMENT OF CORRECTIONS) ASSESSED WITHOUT RESPECT TO INDIVIDUAL RESPONSIBILITY**

Defendants object to Plaintiff's Proposed Jury Instruction No. 11 as the official capacity claim against Defendant Jeffreys (formerly Baldwin) only seeks prospective injunctive relief and thus, should be decided by the Court. Defendants additionally object as the authority cited by Plaintiff is inappropriate and distinguishable from the instant case because it concerned a case in which a municipality was held liable for damages under *Monell* theory. It is well-established that *Monell* applies only to municipalities, not states. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) ("States are protected by the Eleventh Amendment while municipalities are not ... and we consequently limited our holding in *Monell* to local government units which are not considered part of the State for Eleventh Amendment purposes."); *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748–49 (7th Cir. 2005) ("The Court has been clear, however, that *Monell's* holding applies only to municipalities and not states or states' departments."). Objecting further, Defendants have moved this Court to bifurcate the policy claims against Defendant Jeffreys from the claims against the other Defendants who are sued in their individual capacities.

FIRM:57481898v1

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 11 RE LIABILITY OF DEFENDANT ROB JEFFREYS (IN HIS OFFICIAL CAPACITY AS THE DIRECTOR OF THE ILLINOIS DEPARTMENT OF CORRECTIONS) ASSESSED WITHOUT RESPECT TO INDIVIDUAL RESPONSIBILITY**

Assuming there are issues of fact relevant to Plaintiff's policy claim, Plaintiff is entitled to have those issues decided by the jury and, thus, a jury instruction on this claim is appropriate. Plaintiff is opposing Defendants' motion to bifurcate, including on these grounds. Further, the facts, witnesses, and exhibits relevant to Plaintiff's policy claim overlap significantly with the facts, witnesses, and exhibits relevant to Plaintiff's other claims that also will be heard by the jury—thus further supporting that the jury should be the factfinder for this claim. Finally, it has already been determined in this case that Plaintiff's policy claim may proceed. *See* 9/18/17 Mem. Op. and Order at 4–5 (ECF No. 216).

FIRM:57481898v1

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

FIRM:57481898v1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 1**
**All Litigants Equal Before The Law**

In this case, the Plaintiff is an inmate and the Defendants are former and current employees of the Illinois Department of Corrections. All parties are equal before the law. An inmate or Department employee is entitled to the same fair consideration that you would give any other person.

**Source: Seventh Circuit Civil Pattern 1.03 (modified)**
Agreed _____
Given _____
Rejected _____
Withdrawn _____
Objection ___X____

FIRM:57481898v1

**PLAINTIFF'S OBJECTION TO DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 1 RE ALL LITIGANTS EQUAL BEFORE THE LAW**

Defendants' proposed instruction omits reference to the Director of the Illinois Department of Corrections being named as Defendant in his official capacity. Accordingly, Defendants' proposed instruction is incomplete. In contrast, Plaintiff's proposed instruction on this subject is complete because it includes reference to the Director in his official capacity and clarifies exactly what claim names the Director. Further, Plaintiff will be opposing Defendants' motion for bifurcation, including because any issues of fact related to Plaintiff's policy claim should be decided by the jury as factfinder and because the facts, witnesses, and exhibits relevant to Plaintiff's policy claim overlap significantly with the facts, witnesses, and exhibits relevant to Plaintiff's other claims that also will be heard by the jury—thus further supporting that the jury should be the factfinder for this claim. Accordingly, jury instructions that address Plaintiff's policy claim are necessary and appropriate.

FIRM:57481898v1

**PLAINTIFF'S PROPOSED ALTERNATIVE INSTRUCTION TO DEFENDANTS'
PROPOSED JURY INSTRUCTION NO. 1
All Litigants Equal Before The Law**

In this case, the Plaintiff is an inmate and the Defendants are former and current employees of the Illinois Department of Corrections, as well as the Director of the Illinois Department of Corrections (who is being sued in his official capacity on only Plaintiff's unconstitutional policy claim (Count VII of the Complaint)). All parties are equal before the law. An inmate, current and former employees of the Department of Corrections, and the Director of the Department of Corrections are entitled to the same fair consideration that you would give any other person.

**Source: Seventh Circuit Civil Pattern 1.03 (modified)**
Agreed _____
Given _____
Rejected _____
Withdrawn _____
Objection ___X____

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 1 RE ALL LITIGANTS EQUAL BEFORE THE LAW**

Defendants object to Plaintiff's alternative instruction as the policy claims against Director Jeffreys should be bifurcated from the claims against the individual Defendants. See Defendnats' motion *in limine* no. 1. Therefore, mention of such claims or Defendant Jeffreys should not be included in the jury instructions. Further, Plaintiff's proposed version of this instruction is unnecessary and would lead to juror confusion as Defendants' proposed language that "Defendants are former and current employees of the Illinois Department of Corrections" would necessarily include Defendant Jeffreys. Given the above, Defendants' Proposed Instruction No. 1 is more appropriate.

FIRM:57481898v1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 2**
**Limited Purpose Of Evidence**

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

**Source: Seventh Circuit Civil Pattern 1.09**
Agreed _____
Given _____
Rejected _____
Withdrawn _____
Objection ___X____

FIRM:57481898v1

**PLAINTIFF'S OBJECTION TO DEFENDANTS' PROPOSED JURY INSTRUCTION
NO. 2 RE LIMITED PURPOSE OF EVIDENCE**

Plaintiff objects to this instruction as premature, as Defendants have not identified the extent to which they intend to apply this instruction, including identifying the evidence they would seek to admit for a limited purpose and the limited purpose for which it would be been used. Plaintiff would be willing to consider the use of Seventh Circuit Civil Pattern Instruction 2.03 at trial, should appropriate circumstances arise.

FIRM:57481898v1

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 2 RE LIMITED PURPOSE OF EVIDENCE**

Without knowing how or specifically which evidence will be elicited/admitted at trial it is difficult to determine extent to which this instruction is necessary. However, given the multiple claims and multiple parties in this case, Defendants believe the likelihood of the necessity of this instruction is high. For example, Plaintiff's Exhibits 9, 19, 26, 34, 38, 93-98, and 182; and the deposition designations of Tammy Garcia and Peggy Franklin appear to be limited to the policy claim against Director Jeffreys and admitted for the sole purpose of proving an unconstitutional policy/practice.

FIRM:57481898v1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 3**
**Evidence Limited To Certain Parties**

Each party is entitled to have the case decided solely on the evidence that applies to that party. You must consider the evidence concerning Plaintiff's retaliation claim only in the case against Defendants Beaugard, Turner, and Durrett. Likewise, you must consider the evidence concerning Plaintiff's failure to protect claim only in the case against Defendants Williams, Rabideau, Durrett, and Brown and you must consider the evidence concerning Plaintiff's intentional infliction of emotional distress claim only in the case against Defendants Beaugard, Turner, Durrett, Williams, and Rabideau.

**Source: Seventh Circuit Civil Pattern 1.10 (modified)**
Agreed _____
Given _____
Rejected _____
Withdrawn _____
Objection \_\_\_X\_\_\_\_

88

FIRM:57481898v1

**PLAINTIFF'S OBJECTION TO DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 3 RE EVIDENCE LIMITED TO CERTAIN PARTIES**

Plaintiff objects to this instruction as unnecessary and confusing because most of the evidence will relate to more than one Defendant and more than one claim. In other words, Plaintiff will use much of the same evidence to prove his retaliation claim as he will his failure to protect claim, his intentional infliction of emotional distress claim, and his policy claim, and most Defendants are named in more than one claim. Therefore, the evidence cannot be segregated in the way that this instruction suggests is possible, and the instruction instead will confuse the jury regarding what evidence they can consider when and against whom. Further, this instruction does not even include reference to Plaintiff's policy claim alleged against the Director of the Illinois Department of Corrections in his official capacity. Plaintiff also objects to this instruction as premature, as Defendants have not identified the extent to which they intend to apply this instruction, including identifying the evidence they would seek to limit to certain parties. Plaintiff would be willing to consider the use of Seventh Circuit Civil Pattern Instruction 2.03 at trial, should appropriate circumstances arise. Finally, Plaintiff will be opposing Defendants' motion for bifurcation, including because any issues of fact related to Plaintiff's policy claim should be decided by the jury as factfinder and because the facts, witnesses, and exhibits relevant to Plaintiff's policy claim overlap significantly with the facts, witnesses, and exhibits relevant to Plaintiff's other claims that also will be heard by the jury—thus further supporting that the jury should be the factfinder for this claim. Accordingly, jury instructions that address Plaintiff's policy claim are necessary and appropriate.

FIRM:57481898v1

**PLAINTIFF'S PROPOSED ALTERNATIVE TO DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 3**
**Evidence Limited To Certain Parties**

Each party is entitled to have the case decided solely on the evidence that applies to that party. You must consider the evidence concerning Plaintiff's First Amendment retaliation claim only in the case against Defendants Beaugard, Turner, and Durrett. Likewise, you must consider the evidence concerning Plaintiff's Eighth Amendment failure to protect claim only in the case against Defendants Williams, Rabideau, Durrett, and Brown; you must consider the evidence concerning Plaintiff's intentional infliction of emotional distress claim only in the case against Defendants Beaugard, Turner, Durrett, Williams, and Rabideau; and you must consider the evidence concerning Plaintiff's unconstitutional policy claim only against Defendant Rob Jeffreys in his official capacity as the Director of the Illinois Department of Corrections.

**Source: Seventh Circuit Civil Pattern 1.10 (modified)**
Agreed _____
Given _____
Rejected _____
Withdrawn _____
Objection ____X_____

FIRM:57481898v1

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 3 RE EVIDENCE LIMITED TO CERTAIN PARTIES**

Without knowing how or specifically which evidence will be elicited/admitted at trial it is difficult to determine extent to which this instruction is necessary. However, given the multiple claims and multiple parties in this case, Defendants believe the likelihood of the necessity of this instruction is high. For example, Plaintiff's Exhibits 9, 19, 26, 34, 38, 93-98, and 182; and the deposition designations of Tammy Garcia and Peggy Franklin appear to be limited to the policy claim against Director Jeffreys and admitted for the sole purpose of proving an unconstitutional policy/practice. Furthermore, Defendants have moved this Court to bifurcate the policy claims against Defendant Jeffreys from the claims against the other Defendants who are sued in their individual capacities. If Defendants' motion is granted, Defendants' Proposed Jury Instruction No. 3 would be proper as it does not include mention of Plaintiff's policy claim.

FIRM:57481898v1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 4**
**Impeachment Of Witness — Convictions**

You have heard evidence that Timothy Kyles has been convicted of a crime. You may consider this evidence only in deciding whether the Timothy Kyles testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

**Source: Seventh Circuit Civil Pattern 1.15**
Agreed _____
Given _____
Rejected _____
Withdrawn _____
Objection ___X____

FIRM:57481898v1

**PLAINTIFF'S OBJECTION TO DEFENDANTS' PROPOSED JURY INSTRUCTION**
**NO. 4 RE IMPEACHMENT OF WITNESS — CONVICTIONS**

Plaintiff objects to this instruction pursuant to FRE 609 and 403. Plaintiff's underlying conviction occurred over 20 years ago for a crime unrelated to truthfulness. Accordingly, the conviction is not relevant to and provides no value toward the assessment of Plaintiff's truthfulness. Conversely, and under FRE 403, the instruction to consider the conviction to assess Plaintiff's truthfulness instead would unfairly prejudice Plaintiff and mislead the jury into believing the conviction is relevant to Plaintiff's truthfulness and, thus, may unfairly cause the jury to discredit Plaintiff's testimony.

FIRM:57481898v1

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 4 RE IMPEACHMENT OF WITNESS — CONVICTIONS**

According to Federal Rule of Evidence 609(a)(1)(A), if the witness is not a defendant, felony convictions are presumptively admissible as evidence of untruthfulness if the probative value of this evidence is not outweighed by its prejudicial effect. Plaintiff's conviction would not be barred by Rule 609(b) as he is still serving time on this conviction. *See* Fed. R. Evid. 609(b) (This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later). Furthermore, the Seventh Circuit articulated an advisory test for the district courts to review in determining whether the probative value of a felony conviction is outweighed by its prejudicial effect, with the centrality of the witness's credibility being a factor. *See United States v. Jackson*, 546 F.3d 801, 819 (7th Cir. 2008); *United States v. Montgomery*, 390 F.3d 1013, 1015 (7th Cir. 2004). Here, Plaintiff's credibility is central to all issues in this lawsuit. Moreover, testimony regarding Plaintiff's felony convictions would not be barred by Rule 403. According to Rule 403, the probative value of Plaintiff's criminal convictions must be *substantially* outweighed by their prejudicial effect. *See* Fed. R. Civ. Pro. 403 (emphasis added). Any prejudice against Plaintiff would be cured by a limiting instruction or the Seventh Circuit's pattern jury instruction 1.15.

94

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 5**
**Evidence Admitted Only Against One Party**

Some of the evidence in this case is limited to one of the parties, and cannot be considered against the others. Each party is entitled to have the case decided solely on the evidence which applies to that party.

The evidence you [are about to hear] [just heard] can be considered only in the case against [name party].

**Source: Seventh Circuit Civil Pattern 2.03**
Agreed _____
Given _____
Rejected _____
Withdrawn _____
Objection ___X____

**PLAINTIFF'S OBJECTION TO DEFENDANTS' PROPOSED JURY INSTRUCTION
NO. 5 RE EVIDENCE ADMITTED ONLY AGAINST ONE PARTY**

Plaintiff objects to this instruction as premature, as Defendants have not identified the extent to which they intend to apply this instruction, including identifying the evidence they would seek to limit to certain parties. Plaintiff would be willing to consider the use of Seventh Circuit Civil Pattern Instruction 2.03 at trial, should appropriate circumstances arise.

FIRM:57481898v1

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO DEFENDANTS'
PROPOSED JURY INSTRUCTION NO. 5 RE EVIDENCE ADMITTED ONLY
AGAINST ONE PARTY**

Without knowing how or specifically which evidence will be elicited/admitted at trial it is difficult to determine extent to which this instruction is necessary. However, given the multiple claims and multiple parties in this case, Defendants believe the likelihood of the necessity of this instruction is high. For example, Plaintiff's Exhibits 9, 19, 26, 34, 38, 93-98, and 182; and the deposition designations of Tammy Garcia and Peggy Franklin appear to be limited to the policy claim against Director Jeffreys and admitted for the sole purpose of proving an unconstitutional policy/practice.

FIRM:57481898v1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 6**
**Impeachment By Conviction Of Crime**

You have heard evidence that Plaintiff Timothy Kyles has been convicted of a crime. You may use that evidence only to help you decide whether to believe the Plaintiff and how much weight to give his testimony.

**Source: Seventh Circuit Civil Pattern 2.11**

Agreed _____
Given _____
Rejected _____
Withdrawn _____
Objection \_\_\_X\_\_\_\_

FIRM:57481898v1

**PLAINTIFF'S OBJECTION TO DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 6 RE IMPEACHMENT BY CONVICTION OF CRIME**

Plaintiff objects to this instruction pursuant to FRE 609 and 403. Plaintiff's underlying conviction occurred over 20 years ago for a crime unrelated to truthfulness. Accordingly, the conviction is not relevant to and provides no value toward the assessment of Plaintiff's truthfulness. Conversely, and under FRE 403, the instruction to consider the conviction to assess Plaintiff's truthfulness instead would unfairly prejudice Plaintiff and mislead the jury into believing the conviction is relevant to Plaintiff's truthfulness and, thus, may unfairly cause the jury to discredit Plaintiff's testimony. Plaintiff further objects to this instruction as duplicative of Defendants' Proposed Jury Instruction No. 6, "Impeachment Of Witness — Convictions."

FIRM:57481898v1

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO DEFENDANTS'
PROPOSED JURY INSTRUCTION NO. 6 RE IMPEACHMENT BY CONVICTION OF
CRIME**

According to Federal Rule of Evidence 609(a)(1)(A), if the witness is not a defendant, felony convictions are presumptively admissible as evidence of untruthfulness if the probative value of this evidence is not outweighed by its prejudicial effect. Plaintiff's conviction would not be barred by Rule 609(b) as he is still serving time on this conviction. *See* Fed. R. Evid. 609(b) (This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later). Furthermore, the Seventh Circuit articulated an advisory test for the district courts to review in determining whether the probative value of a felony conviction is outweighed by its prejudicial effect, with the centrality of the witness's credibility being a factor. *See United States v. Jackson*, 546 F.3d 801, 819 (7th Cir. 2008); *United States v. Montgomery*, 390 F.3d 1013, 1015 (7th Cir. 2004). Here, Plaintiff's credibility is central to all issues in this lawsuit. Moreover, testimony regarding Plaintiff's felony convictions would not be barred by Rule 403. According to Rule 403, the probative value of Plaintiff's criminal convictions must be *substantially* outweighed by their prejudicial effect. *See* Fed. R. Civ. Pro. 403 (emphasis added). Any prejudice against Plaintiff would be cured by a limiting instruction or the Seventh Circuit's pattern jury instruction 1.15 and the instruction at issue here. Finally, this instruction is not duplicative of 1.15 as Defendants understand 1.15 as a preliminary instruction or instruction given to the jury during deliberations whereas instruction 2.11 is an instruction given "in trial" as the table of contents in the pattern instructions suggests.

100

FIRM:57481898v1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 7**
**General: Police Department/Municipality Not A Party**

Defendants are being sued as individuals. Neither the State of Illinois nor the Illinois Department of Corrections is a party to this lawsuit.

**Source: Seventh Circuit Civil Pattern 7.01 (modified): State agency identified rather than additional state, city, or county**

Agreed _____
Given _____
Rejected _____
Withdrawn _____
Objection ___X____

FIRM:57481898v1

**PLAINTIFF'S OBJECTION TO DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 7 RE GENERAL: POLICE DEPARTMENT/MUNICIPALITY NOT A PARTY**

This instruction is not factually accurate. Because Plaintiff has sued the Director of the Illinois Department of Corrections in his official capacity, the Illinois Department of Corrections is a party to this lawsuit and not all Defendants are sued as individuals. The instruction, thus, is false and would mislead the jury. Further, Plaintiff will be opposing Defendants' motion for bifurcation, including because any issues of fact related to Plaintiff's policy claim should be decided by the jury as factfinder and because the facts, witnesses, and exhibits relevant to Plaintiff's policy claim overlap significantly with the facts, witnesses, and exhibits relevant to Plaintiff's other claims that also will be heard by the jury—thus further supporting that the jury should be the factfinder for this claim. Accordingly, jury instructions that address Plaintiff's policy claim are necessary and appropriate.

FIRM:57481898v1

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 7 RE GENERAL: POLICE DEPARTMENT/MUNICIPALITY NOT A PARTY**

The official capacity claim against Defendant Jeffreys (formerly Baldwin) only seeks prospective injunctive relief and thus, should be decided by the Court. Defendants have moved this Court to bifurcate the policy claims against Defendant Jeffreys from the claims against the other Defendants who are sued in their individual capacities. If Defendants' motion is granted, Defendants' Proposed Jury Instruction No. 7 would be proper.

FIRM:57481898v1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 8**
**General: Requirement Of Personal Involvement**

Plaintiff must prove by a preponderance of the evidence that each Defendant was personally involved in the conduct that Plaintiff complains about. You may not hold a Defendant liable for what other employees did or did not do.

**Source: Seventh Circuit Civil Pattern 7.02**
Agreed _____
Given _____
Rejected _____
Withdrawn _____
Objection ___X____

FIRM:57481898v1

**PLAINTIFF'S OBJECTION TO DEFENDANTS' PROPOSED JURY INSTRUCTION
NO. 8 RE GENERAL: REQUIREMENT OF PERSONAL INVOLVEMENT**

This instruction risks misleading the jury as it relates to Plaintiff's policy claim. Plaintiff alleges his policy claim against the Director of the Illinois Department of Corrections in his official capacity, and thus, Plaintiff is not required to prove that the Director had "personal involvement" in the conduct at issue in that claim. Plaintiff further objects to this instruction as inconsistent with the relief sought in the motion filed pursuant to Federal Rule of Civil Procedure 37 on April 9, 2021. Further, Plaintiff will be opposing Defendants' motion for bifurcation, including because any issues of fact related to Plaintiff's policy claim should be decided by the jury as factfinder and because the facts, witnesses, and exhibits relevant to Plaintiff's policy claim overlap significantly with the facts, witnesses, and exhibits relevant to Plaintiff's other claims that also will be heard by the jury—thus further supporting that the jury should be the factfinder for this claim. Accordingly, jury instructions that address Plaintiff's policy claim are necessary and appropriate.

FIRM:57481898v1

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 8 RE GENERAL: REQUIREMENT OF PERSONAL INVOLVEMENT**

The official capacity claim against Defendant Jeffreys (formerly Baldwin) only seeks prospective injunctive relief and thus, should be decided by the Court. Defendants have moved this Court to bifurcate the policy claims against Defendant Jeffreys from the claims against the other Defendants who are sued in their individual capacities. If Defendants' motion is granted, Defendants' Proposed Jury Instruction No. 8 would be proper as personal involvement is a requirement in Plaintiff's individual claims.

FIRM:57481898v1

<h1 style="text-align:center">DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 9</h1>

**Limiting Instruction Concerning Evidence Of Statutes, Administrative Rules, Regulations, And Policies**

You have heard evidence about whether Defendants' conduct violated the Illinois Department of Corrections internal policies or rules.

You may consider this evidence only in your deliberations. But remember that the issue is whether Defendants' failed to protect Plaintiff, retaliated against Plaintiff, and intentionally subjected Plaintiff to the infliction of emotional distress, not whether an internal policy or rule was violated.

**Source: Seventh Circuit Civil Pattern 7.04 (modified)**
Agreed _____
Given _____
Rejected _____
Withdrawn _____
Objection \_\_\_X\_\_\_\_

FIRM:57481898v1

**PLAINTIFF'S OBJECTION TO DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 9 RE LIMITING INSTRUCTION CONCERNING EVIDENCE OF STATUTES, ADMINISTRATIVE RULES, REGULATIONS, AND POLICIES**

Defendants' proposed instruction omits reference to Plaintiff's policy claim against Director of the Illinois Department of Corrections in his official capacity. Further, Plaintiff will be opposing Defendants' motion for bifurcation, including because any issues of fact related to Plaintiff's policy claim should be decided by the jury as factfinder and because the facts, witnesses, and exhibits relevant to Plaintiff's policy claim overlap significantly with the facts, witnesses, and exhibits relevant to Plaintiff's other claims that also will be heard by the jury—thus further supporting that the jury should be the factfinder for this claim. Accordingly, jury instructions that address Plaintiff's policy claim are necessary and appropriate.

FIRM:57481898v1

**PLAINTIFF'S PROPOSED ALTRNAITVE TO DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 9**
**Limiting Instruction Concerning Evidence Of Statutes, Administrative Rules, Regulations, And Policies**

You have heard evidence about whether Defendants' conduct violated the Illinois Department of Corrections internal policies or rules.

You may consider this evidence in your deliberations. But remember that the issue is whether Defendants failed to protect Plaintiff, retaliated against Plaintiff, intentionally subjected Plaintiff to the infliction of emotional distress, and/or had an unconstitutional policy at Stateville Correctional Center, not whether an internal policy or rule was violated.

**Source: Seventh Circuit Civil Pattern 7.04 (modified)**
Agreed _____
Given _____
Rejected _____
Withdrawn _____
Objection ___X____

FIRM:57481898v1

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 9 RE LIMITING INSTRUCTION CONCERNING EVIDENCE OF STATUTES, ADMINISTRATIVE RULES, REGULATIONS, AND POLICIES**

Defendants object to Plaintiff's Proposed Alternative Instruction as the official capacity claim against Defendant Jeffreys (formerly Baldwin) only seeks prospective injunctive relief and thus, should be decided by the Court. Objecting further, Defendants have moved this Court to bifurcate the policy claims against Defendant Jeffreys from the claims against the other Defendants who are sued in their individual capacities. As such, Defendants Proposed Jury Instruction No. 9 is more appropriate as it does not reference Plaintiff's policy claim.

FIRM:57481898v1